GEORGE W. PURNELL V. JULIA A. MINOR.

FILED NOVEMBER 5, 1896. No. 6813.

1. **Bailment:** TEAMS: NEGLIGENCE: DAMAGES. The hirer of a team is liable to the owner for want of ordinary care in the use of the team.

2. ———: ABUSE OF HORSES: EVIDENCE. The evidence was conflicting. *Held*, That a verdict for plaintiff would not be disturbed.

ERROR from the district court of Holt county. Tried below before JACKSON, J.

*L. C. Chapman*, for plaintiff in error.

*W. S. Summers, contra.*

NORVAL, J.

In 1891 Julia A. Minor hired a team of horses to George W. Purnell for farm work. This action was

brought to recover for a balance due for the use of the team, and for damages sustained by reason of improper care and overwork of the horses by the defendant. The answer was a general denial, and a trial to a jury resulted in a verdict for the plaintiff in the sum of $168, for which sum judgment was rendered.

It is argued that the court erred in permitting plaintiff to testify to the items of her account for the use of the team from a copy of the original account. The record does not so show. It does appear that plaintiff when testifying held in her hands both the original account as made by her and a copy thereof; but it is not disclosed whether she testified to the different items of debits and credits from her own personal recollection or not. She was not even cross-examined on that point. Besides, the amount claimed for the use of the team was established by proving the admission of the defendant.

The last contention is that the verdict is against the evidence. The jury having allowed plaintiff practically the full value of the team at the time of the hiring, it is argued that there was no evidence from which negligence and want of care on the part of the defendant could be found. The testimony on behalf of the plaintiff tended to show that the horses, when hired and received by the defendant on May 11, weighed from 1,200 to 1,300 pounds each, both sound and in good condition, and worth from $100 to $125; that they were overworked and poorly cared for by defendant; that after being worked all day they were turned out at night unfed; that when they were returned to plaintiff in August following they were entirely used up, one having the fistula and the other scarcely able to get up without help, and continued to grow worse until it died two weeks later; and that neither was of any value when the defendant returned them, but both were entirely worthless. If the defendant and his witnesses are to be believed, the team, while under Purnell's control, had proper care and feed and attention, was not overworked, and that the horses were

sound when delivered to plaintiff. The jury saw and heard the witnesses and passed upon the conflicting testimony, and the verdict being supported by the evidence, should not be disturbed. The defendant was liable to plaintiff for all damages resulting from a want of ordinary care in the use of the team while in his possession. The judgment is

AFFIRMED.